```
┌─────────────────────────────────────────────────────────────┐
│            NOT FOR PUBLICATION WITHOUT THE                    │
│          APPROVAL OF THE APPELLATE DIVISION                   │
│                                                               │
│ This opinion shall not "constitute precedent or be binding    │
│ upon any court." Although it is posted on the internet, this  │
│ opinion is binding only on the parties in the case and its    │
│ use in other cases is limited. R.1:36-3.                      │
└─────────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1535-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HAMEED S. BROOKS,

    Defendant-Appellant.

_____

Submitted March 28, 2017 — Decided July 6, 2017

Before Judges Messano and Grall.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 14-12-3721.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Deputy Public Defender, II, of counsel and on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Following a jury trial, defendant Hameed S. Brooks was found guilty of third-degree escape, N.J.S.A. 2C:29-5(a), and sentenced to a five-year term of imprisonment with a two-and-one-half-year

period of parole ineligibility. The evidence adduced by the State revealed that on January 31, 2014, defendant was a resident of Hope Hall, a "transitional" halfway house in Camden. Hope Hall is operated by a non-profit agency and accepts prisoners from the Department of Corrections (the DOC), providing them with counseling and employment services in a residential setting.

Defendant entered Hope Hall on January 7, having previously been incarcerated at Bayside State Prison. Upon entering the facility, defendant was advised of its rules and regulations, one of which prohibited any "[e]scape or unauthorized absence from work assignment or the facility." Defendant signed a copy of these rules and regulations.[1]

Hope Hall's program manager explained that the facility's alarm sounded at 12:45 a.m. on January 31, 2014, signaling an emergency exit side door had been opened. A count of the residents revealed defendant was missing. A search of defendant's room indicated his personal belongings were gone.

Although a one-and-one-half-story-high fence surrounded the facility, one gate was always kept open. Hope Hall maintained a midnight curfew, and, while residents were sometimes granted furloughs to work, and there were frequent comings and goings from

---

[1] The document was admitted into evidence at trial but is not part of the appellate record.

the facility, defendant was not eligible for furlough because he had been at Hope Hall for such a short time. He was not permitted to leave the facility at all. Hope Hall contacted DOC, which issued a warrant for defendant's arrest. Defendant never returned, and the Camden County Police Department apprehended him on April 1.

Defendant elected not to testify. During the charge conference, defense counsel requested the judge charge the jury on obstructing the administration of law or other governmental function by flight. See N.J.S.A. 2C:29-1(a) ("A person commits an offense if he purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight . . . ."). Defense counsel acknowledged that obstruction was not a "lesser-included" offense of escape. Rather, he argued the jury could reject the State's contention that defendant was in custody, while at the same time concluding defendant's absence "shut down the facility for a while and so he obstructed [its] ability to function as a government agency."

The judge determined there was "no rational basis" for the charge "based on the facts" of the case. She denied the request.

A-1535-15T3

In summation, defense counsel argued, among other things, that defendant may not have "kn[own] he was in custody," or simply missed curfew. He argued the written rules of the facility were ambiguous, and DOC imposed administrative discipline on defendant for his unauthorized absence, suggesting defendant was unaware he could be subject to criminal charges.

The judge's jury instructions essentially followed verbatim Model Jury Charge (Criminal), "Escape, N.J.S.A. 2C:29-5a" (2006). The jury found defendant guilty of the sole count in the indictment charging him with escape.

Before us, defendant argues in a single point:

> THE TRIAL COURT'S ERRONEOUS DECISION TO DENY DEFENDANT'S REQUEST FOR A JURY CHARGE ON THE LESSER OFFENSE OF OBSTRUCTION REQUIRES REVERSAL OF THE ESCAPE CONVICTION.

Having considered this contention in light of the record and applicable law, we affirm.

"Whether an offense is an included offense of another charge requires a comparison of the statutory elements of each charge." State v. Thomas, 187 N.J. 119, 129 (2006). Defendant acknowledges obstruction is not a lesser-included offense of the crime of escape.

"In contrast, related offenses are those that 'share a common factual ground, but not a commonality in statutory elements, with

the crime[] charged in the indictment.'" State v. Maloney, 216 N.J. 91, 107 (2013) (quoting Thomas, supra, 187 N.J. at 132). "A court may instruct on a related offense when 'the defendant requests or consents to the related offense charge, and there is a rational basis in the evidence to sustain the related offense.'" Id. at 108 (quoting Thomas, supra, 187 N.J. at 133). "The evidence must present adequate reason for the jury to acquit the defendant on the greater charge and to convict on the lesser." State v. Brent, 137 N.J. 107, 118-19 (1994).

In pertinent part, an actor commits the disorderly persons offense of obstruction if he "purposely obstructs, impairs or perverts the administration of law or other governmental function . . . by means of flight." N.J.S.A. 2C:29-1(a) (emphasis added). In this case, to justify charging the jury on obstruction, the evidence must have supported the jury's finding beyond a reasonable doubt that defendant fled Hope Hall, for the purpose of obstructing a governmental function and, his flight, actually obstructed a governmental function. Model Jury Charge (Criminal), "Obstructing Administration of Law or Other Governmental Function, N.J.S.A. 2C:29-1" (2000).

Under our Criminal Code, "[a] person acts purposely with respect to the nature of his conduct or a result thereof if it is his conscious object to engage in conduct of that nature or to

cause such a result." N.J.S.A. 2C:2-2(b)(1). "Where an offense requires purpose, the result must be the kind of result designed by the actor[.]" Cannel, New Jersey Criminal Code Annotated, comment 4 on N.J.S.A. 2C:2-3 (2016-17).

Here, there was no evidence to rationally support the conclusion that defendant's "conscious object" in fleeing Hope Hall was to obstruct the operation of the facility. Instead, after being in the facility only a few short weeks, defendant left during the early morning hours through a side entrance, took all his belongings with him and never returned. All the evidence pointed to defendant's singular purpose being his escape, without concern for what, if any, effect it would have on Hope Hall or its staff. Moreover, there was scant evidence that the operation of the facility was impaired in any significant way, or that defendant's escape impacted other residents of Hope Hall.

In short, we agree there was no "rational basis in the evidence to sustain the related offense" of obstruction by flight. Maloney, supra, 216 N.J. at 108 (quoting Thomas, supra, 187 N.J. at 133). The judge, therefore, did not err by refusing to give jury instructions on that offense.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1535-15T3